# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant  F. KAY BEHM | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| STATE OF MICHIGAN<br>7th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | CASE NO.<br>21-2#15231 |

Court address: 900 Saginaw Street, Flint, Michigan 48502

Court telephone no. 810-257-3220

| Plaintiff's name(s), address(es), and telephone no(s).<br>JAMES K. SMITH | v | Defendant's name(s), address(es), and telephone no(s).<br>MENARD, INC., a Wisconsin Corporation,<br>doing business in the State of Michigan<br><br>RESIDENT AGENT:<br>United States Corporation<br>601 Abbott Road<br>Lansing, MI 48823 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>David W. Brauer (P41974)<br>David W. Brauer, P.L.L.C.<br>722 E. Grand Avenue Ave.<br>Brighton, MI 48116<br>(517) 548-1998 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date: FEB 05 2021 | Expiration date: MAY 06 2021 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



A TRUE COPY
GENESEE COUNTY CLERK

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JAMES K. SMITH,

    Plaintiff,

V

    Case No.: 21-
    Hon.

MENARD, INC., a Wisconsin incorporation,
doing business in the State of Michigan,

    Defendant.

21-115231

F. KAY BEHM

---

David W. Brauer (P41974)
Attorney for Plaintiff
722 E. Grand River Ave.
Brighton, MI 48116
(517) 548-1998

---

## COMPLAINT

NOW COME Plaintiff, JAMES K. SMITH, by and through his attorney, David W. Brauer of David W. Brauer, PLLC, and for his Complaint, states as follows:

### COMMON ALLEGATIONS

1. Plaintiff, James K. Smith, is a resident of Grand Blanc, Genesee County, Michigan.

2. Menard, Inc., is a lawful Wisconsin corporation that conducts regular and systematic business within the State of Michigan

3. That Defendant Menard, Inc., hereinafter referred to as Menard, has a store located at 6410 East Court Street, Davison, Michigan 48423, which is open to the public.

4. That on or about November 8, 2019, Plaintiff, a business invitee, purchased lumber at the Menard store in Davison, Michigan. He was there in the evening after it had become dark outside.

5. That on November 8, 2019, Plaintiff purchased lumber that was located outside of the building in the Menard lumber yard.

6. That there was a large bundle of packaged lumber that was blocking the light in the vicinity of the lumber Plaintiff had purchased and was trying to load into his

David W. Brauer,
P.L.L.C.
ATTORNEY AT LAW

515 E. Grand River Ave.
Howell, Michigan 48843

(517) 548-1998

vehicle. Thus, there was very inadequate, if any, lighting in the area in question at the time of the injury.

7. That there were no safety measures on the lumber rack to prevent the lumber from falling off.

8. That the lumber was stacked very precariously and when Plaintiff went to retrieve it to put it into his vehicle, lumber fell on the Plaintiff's right foot.

9. The amount in controversy, exclusive of costs, interest, or attorney fees, exceeds $50,000.

## COUNT I – PREMISES LIABILITY

10. Plaintiff incorporates by reference paragraphs 1 through 9 as though fully set forth herein paragraph for paragraph, word for word and states as follows.

11. That on or about November 8, 2019, in the evening, a business invitee, at Menard's store in Davison, Michigan, the Plaintiff, James K. Smith, while retrieving lumber he had purchased from the Menard's lumber yard in the evening after dark, the Plaintiff sustained injuries as set forth below.

12. That on or about November 8, 2019, after dark, lumber fell off the lumber rack in the lumber yard and onto Plaintiff's right foot causing severe and permanent injuries.

13. That the injuries Plaintiff sustained were a Lisfranc injury, injuries to the joints, muscles, nerves, ligaments, tendons and soft tissue to the right foot and ankle along with aggravations to pre-existing conditions, whether known or unknown at this time.

14. That Defendant breached its duties and was negligent in one or more of the following manners:

    a. Inadequate lighting in the lumber yard where Plaintiff was injured;

    b. No safety measures on the lumber rack in question;

    c. That Menard failed to warn or instruct the Plaintiff and others of the hazardous conditions then and there existing;

    d. The lumber was stacked precariously/dangerously;

    e. By failing to take adequate measures to move the large, packaged lumber to allow adequate light in the vicinity where injury occurred, and/or install safety devices on the sides of the lumber racks.

15. That Defendant beached said duties by failing to maintain the premises free of and clear of dangerous conditions and/or to warn Plaintiff of their existence and as a

David W. Brauer, P.L.L.C.
ATTORNEYS AT LAW

direct and proximate result of Defendant's breach, Plaintiff sustained injuries and the following damages:

a. Pain and suffering; past, present and future;
b. Mental anguish;
c. Embarrassment, shock and humiliation;
d. Loss of normal society and recreational activities;
e. Injury, incapacity and disability;
f. Loss of wages: past, present and future;
g. Disability and disfigurement;
h. Medial expenses;
i. Denial of social pleasures and enjoyment;
j. Aggravations to pre-existing conditions, whether known or unknown at this time;
k. Loss of future wage-earning capacity; and
l. Other damages found to be related to the injury complained of herein that develop during the course of the litigation and discovery.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court enter Judgment against Defendant, Menard, Inc., for an amount in excess of Fifty Thousand and 00/100 Dollars ($50,000) for which Plaintiff is entitled, together with interest, costs and attorney fees so wrongfully incurred, and enter such other relief as is appropriate under the facts and circumstances at hand.

## COUNT II -NUISANCE

16. Plaintiff incorporates by reference paragraphs 1 through 15 as though fully set forth herein paragraph for paragraph, word for word and states as follows.

17. Defendant improperly operated and maintained its premises so that it constituted a nuisance to Plaintiff and others on the premises as set forth herein:

a. Inadequate lighting in the lumber-yard where Plaintiff was injured;

b. No safety measures on the lumber rack in question;

c. That Menard failed to warn or instruct the Plaintiff and others of the hazardous condition then and there existing;

d. The lumber was stacked precariously/dangerously;

e. By failing to take adequate measures to remove the large, packaged lumber to allow adequate light in the vicinity where injury occurred, and/or install safety devices on the sides of the lumber racks.

18. The creation and maintenance of this nuisance by Defendant was the legal and proximate cause of the Plaintiff's injuries and damages.

19. As a direct and proximate result of Defendant's maintenance of a nuisance, Plaintiff suffered a Lisfranc injury, injuries to the joints, muscles, nerves, ligaments, tendons and soft tissue to the right foot and ankle along with aggravations to pre-existing conditions, whether known or unknown at this time.

20. As a direct result of Defendant's breach of the following duties, the Plaintiff sustained the following damages:

    a. Pain and suffering; past, present and future;
    b. Mental anguish;
    c. Embarrassment, shock and humiliation;
    d. Loss of normal society and recreational activities;
    e. Injury, incapacity and disability;
    f. Loss of wages: past, present and future;
    g. Disability and disfigurement;
    h. Medial expenses;
    i. Denial of social pleasures and enjoyment;
    j. Aggravations to pre-existing conditions, whether known or unknown at this time;
    k. Loss of future wage-earning capacity; and
    l. Other damages found to be related to the injury complained of herein that develop during the course of the litigation and discovery.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court enter Judgment against Defendant, Menard, Inc., for that amount in excess of Fifty Thousand and 00/100 Dollars ($50,000) for which Plaintiffs are entitled, together with interest, costs and attorney fees so wrongfully incurred, and enter such other relief as is appropriate under the facts and circumstances at hand.

### COUNT IV – NEGLIGENCE

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein paragraph for paragraph, word for word and states as follows.

22. That Plaintiff was a business invitee. Defendant Menard held the premises open for commercial purposes. Plaintiff was on Defendant's premises to acquire goods or services.

23. That on or about November 8, 2019, in the evening, while a business invitee, at Menard's store in Davison, Michigan, the Plaintiff, James K. Smith, while retrieving lumber he had purchased from the Menard's lumber yard in the evening after dark, the Plaintiff sustained injuries.

24. That as direct and proximate result of Defendant's negligence, lumber fell off the lumber rack and on to Plaintiff's right foot causing severe and permanent injuries.

25. That the injuries Plaintiff sustained were a Lisfranc injury, injuries to the joints, muscles, nerves, ligaments, tendons and soft tissue to the right foot and ankle along with aggravations to pre-existing conditions, whether known or unknown at this time.

26. That Defendant breached its duties and was negligent in one or more of the following manners:

   a. Inadequate lighting in the lumber yard where Plaintiff was injured;

   b. No safety measures on the lumber rack in question;

   c. That Menard failed to warn or instruct the Plaintiff and others of the hazardous condition then and there existing;

   d. The lumber was stacked precariously/dangerously;

   e. By failing to take adequate measures to remove the large, packaged lumber to allow adequate light in the vicinity where injury occurred, and/or install safety devices on the sides of the lumber racks.

27. That Defendant beached said duties by failing to maintain the premises free of the dangerous condition by failing to have adequate lighting, by failing to have safety devices on the lumber rack, precariously stacking the lumber, failed to warn Plaintiff of the dangerous conditions, all of which were the direct and proximate result of Defendant's breach. Plaintiff sustained injuries and the following damages:

   a. Pain and suffering; past, present and future;
   b. Mental anguish;
   c. Embarrassment, shock and humiliation;
   d. Loss of normal society and recreational activities;
   e. Injury, incapacity and disability;
   f. Loss of wages: past, present and future;
   g. Disability and disfigurement;
   h. Medial expenses;
   i. Denial of social pleasures and enjoyment;
   j. Aggravations to pre-existing conditions, whether known or unknown at this time;
   k. Loss of future wage-earning capacity; and
   l. Other damages found to be related to the injury complained of herein that develop during the course of the litigation and discovery.

David W. Brauer, P.L.L.C.
ATTORNEYS AT LAW

WHEREFORE, your Plaintiffs respectfully request this Honorable Court enter Judgment against Defendant, Menard, Inc., for that amount in excess of Fifty Thousand and 00/100 Dollars ($50,000) for which Plaintiffs are entitled, together with interest, costs and attorney fees so wrongfully incurred, and enter such other relief as is appropriate under the facts and circumstances at hand.

Respectfully submitted,

*/s/ David W. Brauer*

DAVID W. BRAUER (P 41974)
DAVID W. BRAUER, PLLC
Attorney for Plaintiff
722 E. Grand River Avenue
Brighton, MI 48843
(517) 548-1998

Dated: January 14, 2021