UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. SMITH,

    Plaintiff,                              Case No. 2:21-cv-10660
                                                   District Judge Nancy G. Edmunds
v.                                                 Magistrate Judge Anthony P. Patti

MENARD, INC.,

    Defendant.
_____/

**<u>ORDER REGARDING DEFENDANT'S BILL OF COSTS (ECF No. 19)</u>**

**A.    Background**

On May 3, 2021, Defendant filed a motion for a protective order pursuant to the Health Insurance Portability and Accountability Act (HIPAA) (ECF No. 10), referred to me by Judge Edmunds (ECF No. 11). I granted the motion as unopposed by text-only order on May 19, 2021, stating, in part:

> Defendant's motion represents and provides evidence that it sought Plaintiff's concurrence pursuant to Local Rule 7.1 (ECF No. 10, PageID.71; ECF No. 10-3), that Plaintiff withheld concurrence to this motion, and that Plaintiff reiterated his intent to oppose the motion at the April 28, 2021 status conference, thereby necessitating that this motion be prepared and filed in lieu of stipulation. Defendant is accordingly entitled to its reasonable expenses incurred in making this motion under Fed. R. Civ. P. 26(c)(3) and 37(a)(5)(A). If it wishes for those expenses to be awarded, Defendant must file a sworn bill and itemization of costs and supporting materials on or before June 1, 2021, after which Plaintiff may file any objection on or before June 15, 2021.

The Court struck Defendant's initial timely-filed bill of costs (ECF No. 18) because its caption listed the wrong case number, but Defendant filed a corrected and otherwise identical bill of costs on June 3, 2021 (ECF No. 19), which is now before the Court. Plaintiff filed his reply on June 10, 2021. (ECF No. 20.)

B. **Discussion**

A district court has broad discretion with respect to the imposition of sanctions under Fed. R. Civ. P. 37. *See Smith v. Botsford General Hosp.*, 419 F.3d 513, 517 (6th Cir. 1999). If an underlying discovery motion is granted, the applicable rule provides that "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct" to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff was given the opportunity to be heard through the invitation to file an objection, which he did and which the Court duly considered. Plaintiff's explanation for failure to timely respond to the motion for a protective order, in reply to Defendant's bill of costs, is not well taken. Although the Court is sympathetic to unexpected illness, Plaintiff's counsel's representation that he contracted COVID and was out for three weeks in April does not excuse either the untimely response (as the motion for a protective order was filed May 3 with the response due May 17), or his refusal to concur with the protective order back in

2

March (*see* ECF No. 10-3). The Court also notes that Plaintiff's counsel was able to participate in a scheduling conference that took place on April 28, 2021, where he reiterated his intent to oppose the motion. (*See* 4/28/21 Minute Entry, 5/19/21 Text-Only Order & ECF No. 10, PageID.71.) Plaintiff does not claim otherwise. In the Court's experience, qualified protective orders of this nature are routinely granted, almost always by stipulation. Accordingly, the motion should never have come before the Court.

Having reviewed Defendant's bill of costs, the Court finds the largely uncontested hourly rates charged ($235 for attorney time and $135 for paralegal time) reasonable and in line with fees customarily charged in the Eastern District of Michigan for similar legal services by practitioners of comparable experience; in fact, the rate appears lower than average. Further, the Court finds reasonable the hours expended in making the motion, with the exception of .3 hours to review the Court's service notifications, for a total of 6.5 hours at $235/hour and .4 hours at $135/hour. In response to Plaintiff's assertion that "six hours to prepare for a mundane motion is quite excessive" (ECF No. 20, PageID.379), the Court reviewed Defendant's counsel's other cases involving the same issue and was unable to find a prior brief on the subject, so is satisfied that ECF No. 10 was not a "canned" brief. The Court also notes that the 6.0 hours of attorney time spent preparing the court papers yields an average of 21.17 minutes per page for drafting,

3

research *and revision* of the 17-page supporting brief, even *without considering* the time it had to have taken to draft the 31-paragraph, 11-page motion itself. (*Id.*) This is entirely reasonable and certainly conservative.

### C. Order

Accordingly, the Court awards Defendant its fees in the amount of **$1,581.50**, to be paid by Plaintiff's counsel to Defendant's counsel's law firm on or before **July 2, 2021**.

**IT IS SO ORDERED.**

Dated: June 22, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE