UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. SMITH,

    Plaintiff,

v.

MENARD, INC.,

    Defendant.

_____/

No. 21-10660

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [28]**

This matter is before the Court on Defendant's motion for summary judgment. (ECF No. 28.) Plaintiff filed a response and Defendant filed a reply. (ECF Nos. 30, 32.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion was decided on the briefs and without oral argument. For the reasons set forth below, the Court grants Defendant's motion for summary judgment.

**I.      Facts and Background**

Plaintiff James K. Smith ("Plaintiff") recites the following facts in his response to the motion for summary judgment:

> On November 8, 2019, Plaintiff went to Defendant's Davison retail location to purchase lumber in the outside lumber yard. Plaintiff went to purchase the three 2 x 6 x 10 treated boards, which were on a lumber rack. Unfortunately, the Plaintiff could not find any employees to help him, and the store was close to closing. Plaintiff had difficulty seeing while he was getting to the lumber rack due to the inadequate lighting. Plaintiff did not see that the boards were stacked precariously due to the in (sic) adequate lighting, and because of no safety features or stops on the side of the lumber

1

> racks, the heavy treated boards fell off and caused significant injuries to Plaintiff's right foot, as set forth in his Complaint. Plaintiff sustained the following injuries:
>
> **See Exhibit 1[1]**
>
> Plaintiff suffered a Lisfranc injury to the right food (sic). Injuries to the joints, muscles, nerves and ligament of the right foot and ankle. Plaintiff still experiences pain, swelling and difficulties with this injury some two and half year's post-injury.

(ECF No. 30, PageID.1828.) That is the complete statement of facts from Plaintiff's response.

Defendant Menard, Inc. ("Defendant") set forth a more extensive recitation of the facts based on Plaintiff's deposition testimony and including citations to specific parts of the deposition transcript. On November 8, 2019, Plaintiff went to Defendant's Menard store in Davison, Michigan to buy lumber for a project. (ECF No. 28-3, PageID.1517, 1521, 1525.) Prior to the November 8 incident, Plaintiff had purchased lumber at Menard from the outdoor lumber yard more than ten times. (*Id.*, PageID.1525.) Plaintiff was familiar with the process for purchasing lumber at that Menard store, which included buying the lumber and then driving into the outdoor lumberyard to select the lumber and put it into his vehicle himself. (*Id.*, PageID.1527, 1537.) Plaintiff had sometimes asked for assistance from Menard employees in the lumber yard in the past and had been given that assistance "if they were around" or else he had to wait if they were "probably helping other people." (*Id.*, PageID.1530.)

---

[1] Exhibit 1 is Plaintiff's 314 page deposition. Plaintiff's fact section does not cite any specific part(s) of the lengthy deposition, nor does it cite other specific materials in support of this fact section.

On November 8, 2019, Plaintiff paid for his lumber and some other items at the front cash register inside the store. (*Id.*, PageID.1560.) He purchased four 2x4x10 pieces of treated lumber and three 2x6x10 pieces of treated lumber. (*Id.*, PageID.1562, 1564.) Plaintiff then went back to his vehicle and drove over to the entrance to the lumberyard, showed the guard his receipts, and drove into the lumberyard. (*Id.*, PageID.1561, 1566.) Plaintiff testified that it was about 8:30 p.m. and the store closes at 9 p.m. (*Id.*, PageID.1580.)

Plaintiff backed his truck up to a pile of 2X6x10s. (*Id.*, PageID.1583.) There was a stack of offloaded lumber casting a shadow in the area. (*Id.*, PageID.1577.) Plaintiff was able to see the pile of 2x6s and described them as looking "just like the other ones I normally get. Pretty much just about as sloppy as these areas are, . . . ." (*Id.*, PageID.1584.) They were not falling on the ground at that point. (*Id.*) There was enough light to see the pile of lumber, but not to inspect it "real well." (*Id.*) It was obvious to him when he backed his truck up to the area that this area was darker than the other areas. (*Id.*, PageID.1585.) Plaintiff used a light clipped to his hat to select the lumber. (*Id.*, PageID.1588, 1590.)

Plaintiff stood to the side of the stack of lumber and picked one of the boards from the side of the stack and put it into his truck. (*Id.*, PageID.1595.) He then returned to the stack to retrieve a second board from the same area where he pulled the prior board. (*Id.*, PageID.1597.) He did not believe that he disturbed the lumber stack, but "all of a sudden" the boards came down and "smashed" his foot. (*Id.*, PageID.1597. 1598.) He agreed that he had checked with his flashlight to make sure it was okay to pull that board out. At the deposition he was asked if "there was adequate light to assure yourself with your flashlight

3

to make sure that what you were doing was safe?" He responded, "To the best of my ability, yes." (*Id.*, PageID.1598.) Four boards fell from the stack and landed on his right foot. (*Id.*, PageID.1599.) Plaintiff agreed that at the time the boards fell, the only force or activity moving the boards was him. (*Id.*, PageID.1600.) The deposition transcript also includes photographs taken by Plaintiff and the lumberyard manager in the area just after the incident occurred. (Exhibits to ECF No. 28.) Further evidence is discussed below where it is relevant to the analysis.

Plaintiff filed a complaint in the Circuit Court for the County of Genesee in February 2021. (ECF No. 1-2.) Plaintiff brings claims for premises liability, nuisance and negligence. Defendant removed the action to this Court on March 25, 2021, and now seeks summary judgment on all counts.

## II.     Legal Standard

Summary judgment under Federal Rule of Civil Procedure 56 is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In making this determination, 'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'" *United States S.E.C. v. Sierra Brokerage Servs.*, 712 F.3d 321, 327 (6th Cir. 2013) (quoting *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). Furthermore, the "'substantive law will identify which facts are material,' and 'summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id*. at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden "of establishing the 'absence of evidence to support the

4

nonmoving party's case.'" *Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the nonmoving party 'must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor.'" *Id.* (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992)).

### III. Analysis

As an initial matter, the Court is faced with the unusual circumstance in which Plaintiff does not site any specific part of materials in the record to create an issue of disputed fact as to any portion of the moving party's case as set forth in Defendant's motion and brief for summary judgment. Under Rule 56, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, . . . or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Plaintiff's sole citation to "See Exhibit 1," which is Plaintiff's 300+ page deposition, does not meet the Rule's requirement to cite to "particular parts" of materials.

Aside from general citations to law, Plaintiff has not specifically addressed Defendant's summary judgment arguments. Plaintiff has provided no analysis or reference to the specific facts of his case.

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed – show that the movant is entitled to it; or

5

(4) issue any appropriate order.

Fed. R. Civ. P. 56(e).

"It is not enough for a party to 'mention a possible argument in the most skeletal way' and leave the court to 'put flesh on its bones.'" *Brenay v. Schartow*, 709 F. App'x 331, 336-37 (6th Cir. 2017) ("The Brenays were obligated to explain how a reasonable juror could infer the officers' culpability. But their brief makes no attempt to do so. . . . It is not for the court to search the record and construct the arguments. Parties must do that for themselves." ); *see also McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." Internal citation omitted.).

### A. Plaintiff's Premises Liability Claim Should Be Dismissed

Plaintiff's complaint brings claims for premises liability (count 1), nuisance (count 2), and negligence (the third count, but numbered as "Count IV" in the complaint). (ECF No. 1-2.) Defendant argues that Plaintiff's claims rest solely in premises liability and raises related issues in its brief for summary judgment. Plaintiff denies that they do. The Court will address the premises liability claim first.

The Court has jurisdiction in this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Therefore, the Court applies the law of the forum state, Michigan. *See State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015). "When a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence, even when the plaintiff

6

alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Compau v. Pioneer Resource Co., LLC*, 871 N.W.2d 210 (Mich. 2015). Under Michigan law, to establish a prima facie case of premises liability, "a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *See Hampton v. Waste Management of Michigan, Inc.*, 601 N.W.2d 172, 175 (Mich. App. 1999). Defendant concedes that Plaintiff's status was that of an invitee. An invitee is "entitled to the highest level of protection under premises liability law." *Id.* at 175.

> With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.

*Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). The "plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue." *Lowrey v. LMPS & LMPJ, Inc.*, 890 N.W.2d 344, 349 (Mich. 2016). "To prevail on [his] claim, plaintiff had to establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition." *Id.* at 350 ("We hold that plaintiff failed to proffer evidence sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the hazardous condition, and defendant was entitled to summary disposition on this basis."). Defendant points out that the allegedly dangerous condition was the "precariously/dangerously stacked" lumber and calls the

7

allegations of "inadequate lighting" and lack of "safety measures" the circumstances surrounding the dangerous condition and not themselves dangerous conditions.[2] (ECF No. 28, PageID.1448.) Plaintiff has not responded to this argument, nor put forth an argument or citations to evidence from which it could be concluded that Defendant has actual or constructive notice of these additional conditions.

To the extent that Plaintiff alleges that the lumber was "stacked precariously/dangerously," Plaintiff testified that he does not know whether the lumber was stacked that way by other customers or by store employees. (ECF No. 1 ¶¶ 8, 14(d); Smith Dep. ECF No. 28-3, PageID.1625.) With his response, Plaintiff identifies no evidence as to who may have stacked the lumber. When asked, Plaintiff also testified that he did not know how long the boards had been stacked that way and he did not know whether Defendant had any notice as to how it may have been stacked in the minutes before Plaintiff arrived. (ECF No. 28-3, PageID.1625, 1715.) Plaintiff provides no evidence as to how long such a condition existed and again, does not address this element in his response. Defendant points out that prior to the board falling on Plaintiff's foot, Plaintiff had already selected one board from the stack of lumber and placed it in his vehicle. (ECF No. 28-3, PageID.1716.)

---

[2] Defendant's brief also relies heavily on arguing that the conditions of which Plaintiff complains were "open and obvious." Because of the findings herein, the Court need not reach the issue of whether the condition of the lumber pile was open and obvious. On July 28, 2023, the Michigan Supreme Court issued a decision that changed the analysis of the open and obvious doctrine from one of duty to a question of breach and comparative fault, and overruled the special-aspects doctrine "to the extent it is inconsistent with the Second Restatement's anticipation standard." *Kandil-Elsayed v. F & E Oil, Inc.*, No. 162907, at 48 (Mich. July 28, 2023).

In his complaint, Plaintiff alleges that there were no "safety measures" to prevent the boards falling and argued that there were "no safety features or stops on the side of the lumber racks," so the boards fell off. (ECF No. 1-2, ¶ 7; ECF No. 30, PageID.1828.) In *Valdes v. Menard, Inc.*, No. 344073, 2019 WL 6340263 (Mich. App. Nov. 26, 2019), the plaintiff made a similar argument after a box of tiles fell from a shelf onto her foot. Although she did not know what caused the box to fall, "she believed that the tiles were shelved improperly because the shelves did not have a lip to keep the boxes from falling off." *Id.* at *1. The Michigan Court of Appeals found that there was "no evidence to demonstrate that defendant had actual or constructive notice of any hazardous condition." *Id.* at *3. Even assuming there were boxes protruding from shelves and constituting a hazardous condition, "there was still no evidence regarding when this condition arose or how long it had been present before plaintiff arrived in the aisle." *Id.* The "plaintiff did not introduce any evidence from which it could be inferred that the condition was of such a character or had existed for such a length of time that defendant's employees should have had knowledge of such a condition." *Id.* "Furthermore, no evidence exists in the record from which we could infer that any of defendant's employees had actual notice of any hazardous condition in the aisle, nor is there any evidence that any of defendant's employees negligently caused a hazardous condition." *Id.* at *4. The "plaintiff failed to establish that a question of fact existed regarding whether defendant had actual or constructive notice of any hazardous condition, and the trial court should have granted summary disposition in favor of defendant for this reason." *Id.* at *4.

Plaintiff failed to present evidence that Defendant had actual or constructive notice that the lumber was stacked precariously or dangerously. *See Lowrey*, 890 N.W.2d at

349-50; *cf. Thompson v. Gibson*, 2018 WL 3551568, at *4 (Mich. App. July 24, 2018) (photographs showed general wear and tear that allowed a reasonable inference that the deck's condition was gradually deteriorating, and that the railing and post did not line up; evidence allowed "for a reasonable inference that the defect 'existed a sufficient length of time that [the defendant] should have knowledge of it.'"). Plaintiff fails to establish a prima facie case with respect to the premises liability claim.

### B. Whether Plaintiff's Nuisance and Negligence Claims Sound in Premises Liability Only

"Courts are not bound by the labels that parties attach to their claims. Indeed, [i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. App. 2012) (internal citations and quotations omitted). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.*; *Compau*, 871 N.W.2d 210.

In the third count, Plaintiff alleges that

Defendant breached its duties and was negligent in one or more of the following manners:

    a. Inadequate lighting in the lumber yard where Plaintiff was injured;

    b. No safety measures on the lumber rack in question;

    c. That Menard failed to warn or instruct the Plaintiff and others of the hazardous condition then and there existing;

> d. The lumber was stacked precariously/dangerously;
>
> e. By failing to take adequate measures to remove the large, packaged lumber to allow adequate light in the vicinity where the injury occurred, and /or install safety devises on the sides of the lumber racks.

(ECF No. 1-2, ¶ 26) These allegations are also cited under the first count, premises liability, and the second count, negligence. Defendant argues that Plaintiff's count IV (the third count) sounds not in ordinary negligence but in premises liability. Plaintiff does not address this argument in his response.[3]

In *Laier v. Kitchen*, 702 N.W.2d 199 (Mich. App. 2005), the plaintiff was "killed in an accident on defendant's property while assisting defendant with . . . repairs on the front-end loader of a tractor borrowed from plaintiff." *Id.* at 204. The court noted that the plaintiff's negligence claim was an "additional theory of liability separate from that of premises liability" where it was "based on defendant's failure to exercise care in the repair of the front-end loader and his operation of the equipment before the bucket fell and injured" the plaintiff. *Id.* at 208-09. The plaintiff's complaint "stated that defendant 'owed a duty to Rodney to use due care and caution in the operation and control of the tractor and bucket.' Defendant's conduct was thus an alleged basis of liability, independent of premises liability." *Id.* at 209; *cf. Long v. Kircher*, Case No. 355119, 2021 WL 5976892, at *3 (Mich. App. Dec. 16, 2021) (The same conduct was the basis of the premises liability claim and the general negligence claim. "Both claims stem from the improper placement of the boulders, which is an allegedly dangerous condition on defendants' land. Plaintiff

---

[3] A party is "deemed to have abandoned a claim when [the party] fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013).

11

cannot transform a premises liability claim into a general negligence claim by alleging that defendants created the condition on the land.")

Here, Plaintiff does not allege a separate basis of liability, nor does he address one in his response to Defendant's motion for summary judgment. Like *Valdes*, where a box of tiles fell onto the plaintiff's foot, the Court finds that Plaintiff's action sounds in premises liability. *See Valdes*, 2019 WL 6340263, at *2. The Court will grant Defendant's motion as to Plaintiff's negligence count.

In paragraph 17 of the complaint, Plaintiff alleges that Defendant operated and maintained its premises in such a way that constituted a nuisance to Plaintiff and others, and relies on the same five subparts set forth in the negligence count. Defendant argues that Plaintiff's claim for nuisance (count II), must be dismissed because the claim arises solely in premises liability and no nuisance existed as a matter of law. Again, Plaintiff did not address this argument in his response. As Defendant points out, Plaintiff did not indicate whether he is alleging private or public nuisance, nuisance per se or nuisance in fact. In the complaint and the response brief, he does not "explain how the facts of this case could give rise to either a private or public nuisance cause of action." *See McAuliffe v. Lavilla Restaurant, Inc.*, 2016 WL 4268243, at *4 (Mich. App. Aug. 11, 2016). If Plaintiff is alleging private nuisance, he has presented no evidence that Defendant interfered with a property right he holds. If he alleges public nuisance, he "has presented no evidence that the alleged" precariously/dangerously stacked lumber "unreasonably interfered with any common right enjoyed by the general public." *Id.* at *4 (internal quotations omitted). Like the negligence claim, Plaintiff's nuisance claim is simply a restatement of his premises liability claim. The Court will grant Defendant's motion as this claim.

### IV.     Conclusion

For the reasons set forth above, the Court grants Defendant's motion for summary judgment (ECF No. 28) and dismisses Plaintiff's complaint with prejudice.

SO ORDERED.

>s/Nancy G. Edmunds
>Nancy G. Edmunds
>United States District Judge

Dated: August 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2023, by electronic and/or ordinary mail.

>s/Lisa Bartlett
>Case Manager