UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. SMITH,

      Plaintiff,                                                       No. 21-10660

v.                                                               Honorable Nancy G. Edmunds

MENARD, INC.,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL [39]**

This matter is before the Court on limited remand from the Sixth Circuit Court of Appeals to determine whether Plaintiff's time to file a notice of appeal should be extended. (ECF No. 39) For the reasons below, the Court grants Plaintiff's request for an extension of time.

On August 14, 2023, the Court granted summary judgment in favor of Defendants. (ECF Nos. 34, 35.) On September 26, 2023, Plaintiff filed a notice of appeal with the Sixth Circuit Court of Appeals regarding the same. (ECF No. 36.) On October 25, 2023, the Court of Appeals remanded this case for the limited purpose of considering "whether [Plaintiff's] time for filing a notice of appeal should be extended." (ECF No. 39.) Defendant filed a response. (ECF No. 40.)

Under both 28 U.S.C. § 2107(c) and Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may, on motion filed not later than thirty days after the time to appeal has expired, extend the time for appeal upon a showing of good cause or excusable neglect. "Good cause will be found where forces beyond the control of the

1

appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id*. (citation omitted). A finding of excusable neglect involves a consideration of the following factors: "'the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith.'" *Williams v. Ohio Adult Parole Auth.*, No. 22-3680, 2023 U.S. App. LEXIS 1010, at *3 (6th Cir. Jan. 17, 2023) (quoting *United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022)).  But these factors "'do not carry equal weight;' . . . 'the excuse given for the late filing must have the greatest import.'" *Id*. at *3 (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

Plaintiff filed his own notice of appeal and states that his attorney "did not tell [him] about the judgement (sic) 30 days passed" and that he is "looking for counsel now." (ECF No. 26.) Plaintiff attached correspondence between himself and his attorney that is consistent with Plaintiff's allegations. Further, though the docket and earlier filings show that Plaintiff is represented by counsel in this case, records were filed on the docket in May 2023 by Plaintiff, without further explanation by his counsel. (ECF No. 33.) This filing by Plaintiff is not inconsistent with some sort of breakdown, or at least a lack of coordination, occurring in the communications between Plaintiff and his counsel.

Defendant relies on *Marsh v. Richardson*, to support denying Plaintiff's motion for extension, yet *Marsh* is distinguishable. *Marsh v. Richardson*, 873 F.2d 129 (6th Cir. 1989). *Marsh* identified three errors by respondent's counsel which were not excusable neglect under the standard. *Id.* at 130 ("Such errors by counsel indicate a serious lack of

2

diligence and inattention to the everyday detail of the practice of law.'). The circumstances raised by Plaintiff indicate not simply mis-calculation of dates or work management issues of counsel, as in *Marsh*, but rather some sort of break-down in communication between Plaintiff and his counsel, in which Plaintiff was left unaware of the status of his case.

Defendant also argues that the September 14, 2023 email from Plaintiff's counsel to Plaintiff "refers to numerous prior communications regarding the case's dismissal." (ECF No 40, PageID.2234.) Counsel's September 14, 2023 email to Plaintiff states in full: "You have to stop calling the court they're getting upset. I will send you the opinion shortly. Your case was dismissed for the reasons I tried to explain to you on numerous occasions." (ECF No. 36, PageID.2193.) The language on which Defendant relies is subject to more than one interpretation, especially taken in the context of the Court's email to counsel, and text messages from Plaintiff to his counsel[1], indicating that Plaintiff found out that his case was "closed" upon his telephone call to the court, and not from his counsel. (ECF No. 36, PageID.2192-93.) Despite Defendant's interpretation, the statement "reasons I tried to explain to you on numerous occasions" is also consistent with counsel having simply notified Plaintiff of weaknesses in his case on prior occasions, rather than actually notifying him of the dismissal.

The Court notes that the length of delay in filing the notice of appeal was not long. Plaintiff filed his notice of appeal within two weeks of the actual deadline. Further, Defendant does not identify and the Court does not find a danger of prejudice to

---

[1] "You couldn't even tell me my case was closed in a letter. Shame on your reputation. Send the letter". (Text message 9/13/2023 at 3:35 p.m., ECF No. 36, PageID.2192.)

Defendant in allowing an extension to file a notice of appeal within this short period of time.

The Court finds that Plaintiff meets the standard for excusable neglect and good cause[2] for the tardy filing of his notice of appeal, where he had relied on counsel to keep him apprised of matters in his case. The record is consistent with his allegations that he was not told about the judgment or the ability to appeal within the timeframe to file a notice of appeal. (ECF No. 36.) Plaintiff appears to be acting without counsel at this time, yet acted expeditiously and seemingly in good faith to file this notice of appeal when he learned his case had been dismissed.

For the foregoing reasons, Plaintiff's request for an extension of time to file notice of appeal is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 6, 2023

I hereby certify that a copy of the foregoing document was served upon Plaintiff and counsel of record on November 6, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[2] *See Smith v. Montgomery County Sheriff's Office*, 2013 WL 2156319, at *2-3 (6th Cir. May 17, 2013) ("Rule 4(a)(5)(A)(ii) has been amended [in 2002] to correct this misunderstanding and to bring the rule in harmony in this respect with Rule 4(b)(4). A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause."}